UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELENA KURBATZKY, ) ) Petitioner, ) ) v. ) ) CAROL A. MICI, ) ) Respondent. ) | Civil Action No. 20-10657-DJC |

## ORDER

**CASPER, J.**                                                                                                                       **April 10, 2020**

      Petitioner Elena Kurbatzky ("Kurbatzky"), acting *pro se*, has filed a petition for a writ of pursuant to 28 U.S.C. § 2254 (the "Petition"). D.1. She is currently confined at MCI Framingham. Kurbatzky has also filed a prison account statement, D. 2., and indicates in her cover letter, D.1-1, that she cannot afford to pay the filing fee. The petition has not been served pending the Court's review of the pleading. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (requiring a judge to dismiss a § 2254 petition if it "plainly appears" that the petitioner is not entitled to relief). For the reasons set forth below, the Court will DENY the Petition without prejudice.

      Upon review of Kurbatzky's prison account statement, the Court concludes that she is eligible to proceed without prepayment of the filing fee. Accordingly, Kurbatzky's implicit request to proceed *in forma pauperis* is GRANTED.

      The Court will DENY the Petition without prejudice because Kurbatzky has failed to exhaust her state remedies. A petitioner seeking relief under § 2254 must show that she has exhausted all of her state remedies, or, in the alternative, that the State did not offer appropriate

corrective measures.  See 28 U.S.C. § 2254(b)(1).  A claim in a § 2254 petition is not exhausted unless a petitioner has presented her claim "in each appropriate state court (including a state supreme court with powers of discretionary review)."  Baldwin v. Reese, 541 U.S. 27, 29 (2004).  In Massachusetts, exhaustion requires presentation of the federal claim in question to the Supreme Judicial Court.  See Janosky v. St. Amand, 594 F.3d 39, 50 (1st Cir. 2010).  "Even if the SJC declines to grant review . . . the petitioner must have fairly presented the federal claim within the four corners of his ALOFAR [application for leave to obtain further appellate review]."  Id.

Kurbatzky challenges her 2018 convictions Suffolk Superior Court on several counts of medical assistance fraud by a provider and larceny over $250.  Kubatzky indicates that she was sentenced to two to three years of incarceration.  She also represents that her direct appeal of her convictions is pending.  See Pet. at 2.  The Court takes judicial notice of the docket of said appeal, which is pending in the Massachusetts Appeals Court.  See Commonwealth v. Kurbatzky, 2019-P-0381 (Mass. App. Ct.).[1]  A March 13, 2020 docket entry indicates that the appellate proceedings are stayed until May 1, 2020, when a status report concerning the trial court's disposition of Kurbatzky's motion for a new trial is due.  See id.  Because it is clear Kurbatzky has not exhausted her state remedies with regard to her 2018 convictions, the Court cannot grant habeas relief.

Kurbatzky also challenges a subsequent prosecution in Suffolk Superior Court for uttering a false or forged record.  She attached to the Petition a November 18, 2019 order of the trial court finding Kurbatzky incompetent.  See Pet. Exh. 2.  Kurbatzky also submitted a copy of the docket sheet of the case.  See Pet. Exh. 3.  The last entry in this copy of the docket sheet, dated February 28, 2020, reports that a status conference was held on that same day, at which time the court declined to address terms and conditions of bail set in that case on April 5, 2018.  The same entry

---

[1] The docket sheet of Commonwealth v. Kurbatzky, 2019-P-0381 (Mass. App. Ct.) is publicly available through the web site ma-appellatecourts.org (last visited Apr. 5, 2020).

indicates that a status conference concerning Kurbatzky's competency is scheduled for June 5, 2020. See id. Because the prosecution for uttering a false or forged record is pending, Kurbatzky cannot seek relief under § 2254.

Kurbatzky claims that on December 31, 2019, the Parole Board granted her request for release on parole with regard to her 2018 convictions. She represents that, notwithstanding the grant of release on parole, she remains incarcerated. According to Kurbatzky, the Department of Correction continues to detain her on her sentence because of the pending prosecution against her for uttering a false or forged record. Kurbatzky argues that the finding of incompetence in that action essentially ended the prosecution against her and that she should be immediately released. However, as noted above, the prosecution against Kurbatzky for uttering a false or forged record is still pending. A finding of incompetency does not automatically terminate the prosecution. Under Massachusetts law, if a "defendant is found incompetent to stand trial, trial of the case shall be stayed until such time as the defendant become competent to stand trial, unless the case is dismissed." Mass. Gen. L. c. 123, § 15(d).

"[F]ederal courts have long recognized 'the fundamental policy against federal interference with state criminal proceedings.'" In re Justices of Superior Ct. Dep't of Mass. Trial Ct., 218 F.3d 11, 16 (1st Cir. 2000) (quoting Younger v. Harris, 401 U.S. 37, 46 (1971)). Congress has repeatedly expressed the principle that "the state courts be allowed to conduct state proceedings free from interference by the federal courts." Id. at 16. Under the principles of Younger abstention, federal courts "abstain from interfering with state court proceedings even where defendants claim violations of important federal rights," id. at 17, as long as the federal claims can be "raised and resolved somewhere in the state process." Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added).

For the foregoing reasons, the Court DENIES the Petition without prejudice.

**So Ordered.**

    /s/ Denise J. Casper
United States District Judge